**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 116951

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Youil Kim, Tiffany Stokes and Minhee Yun, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Synergetic Communication, Inc., | |
| Defendant. | |

Youil Kim, Tiffany Stokes and Minhee Yun, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "Plaintiffs"), by and through the undersigned counsel, complain, state and allege against Synergetic Communication, Inc. (hereinafter referred to as "Defendant"), as follows:

### INTRODUCTION

1.     This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3.     Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.     At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.     Plaintiff Youil Kim is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6.     Plaintiff Tiffany Stokes is an individual who is a citizen of the State of New York residing in Kings County, New York.

7.     Plaintiff Minhee Yun is an individual who is a citizen of the State of New York residing in Nassau County, New York.

8.     Plaintiff Kim is a natural person allegedly obligated to pay a debt.

9.     Plaintiff Stokes is a natural person allegedly obligated to pay a debt.

10.    Plaintiff Yun is a natural person allegedly obligated to pay a debt.

11.    Plaintiff Kim is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12.    Plaintiff Stokes is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13.    Plaintiff Yun is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14.    On information and belief, Defendant Synergetic Communication, Inc., is a Texas Corporation with a principal place of business in Harris County, Texas.

15.    Defendant regularly collects or attempts to collect debts asserted to be owed to others.

16.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

17.    The principal purpose of Defendant's business is the collection of such debts.

18.    Defendant uses the mails in its debt collection business.

19.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

20.    Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at

2 (1977)*reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

21.    The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

22.    To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

23.    As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

24.    Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell* 74 F.3d at 34.

25.    If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson* 516 F.3d at 90.

26.    The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS SPECIFIC TO PLAINTIFFS

27.     Defendant alleges each of the Plaintiffs owe a debt ("the alleged Debts").

28.     The alleged Debts are alleged obligations of Plaintiffs to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

29.     The alleged Debts do not arise from any business enterprise of Plaintiffs.

30.     The alleged Debts are "debts" as defined by 15 U.S.C. § 1692a(5).

31.     At an exact time known only to Defendant, the alleged Debts were each assigned or otherwise transferred to Defendant for collection.

32.     At the time the alleged Debts were assigned or otherwise transferred to Defendant for collection, the alleged Debts were in default.

33.     In its efforts to collect the debt allegedly owed by Plaintiff Kim, Defendant contacted Plaintiff Kim by letter ("the Kim Letter") dated January 21, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

34.     In its efforts to collect the debt allegedly owed by Plaintiff Stokes, Defendant contacted Plaintiff Stokes by letter ("the Stokes Letter") dated January 21, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 2."**)

35.     In its efforts to collect the debt allegedly owed by Plaintiff Yun, Defendant contacted Plaintiff Yun by letter ("the Yun Letter") dated January 21, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 3."**)

36.     The aforementioned letters are sometimes referred to herein as collectively as "the Letters."

37.     The Letters conveyed information regarding the alleged Debts.

38.     The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

39.     The Kim Letter was the initial communication Plaintiff Kim received from Defendant.

40.     The Stokes Letter was the initial communication Plaintiff Stokes received from Defendant.

41.     The Yun Letter was the initial communication Plaintiff Yun received from Defendant.

42.    The Letters were received and read by Plaintiffs.

43.    The Letters are identical for all materially relevant purposes herein.

44.    15 U.S.C. § 1692g protects Plaintiffs' concrete interests. Plaintiffs have the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiffs of this right.

45.    15 U.S.C. § 1692e protects Plaintiffs' concrete interests. Plaintiffs have the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiffs of this right.

46.    The deprivation of Plaintiffs' rights will be redressed by a favorable decision herein.

### FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)
### As To Plaintiff Kim

47.    Plaintiff Kim repeats and realleges the foregoing paragraphs as if fully restated herein.

48.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

49.    As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

50.    To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately state the amount of the debt.

51.    A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

52.    The Letter claims that Plaintiff owed $1,568.33.

53.    Plaintiff did not owe $1,568.33.

54.    Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect.

55.    Defendant's statement of the amount of the alleged Debt, when Plaintiff did not

5

owe any money at all to the entity on whose behalf Defendant was seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

56.     For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff Kim therefor.

### SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)
### As To Plaintiff Kim

57.     Plaintiff Kim repeats and realleges the foregoing paragraphs as if fully restated herein.

58.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

60.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

61.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

62.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

63.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

64.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

65.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

66.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

67.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

68.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

69.    The Letter alleges that Plaintiff owed $1,568.33.

70.    Plaintiff did not owe $1,568.33.

71.    Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect.

72.    Defendant's allegation that Plaintiff owed $1,568.33, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

73.    Defendant's allegation that Plaintiff owed $1,568.33, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

74.    Defendant's allegation that Plaintiff owed $1,568.33, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

75.    Defendant's allegation that Plaintiff owed $1,568.33, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

76.    Defendant's allegation that Plaintiff owed $1,568.33, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

77.     Defendant's allegation that Plaintiff owed $1,568.33, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

78.     Defendant's allegation that Plaintiff owed $1,568.33, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

79.     Defendant's allegation that Plaintiff owed $1,568.33, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

80.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff Kim therefor.

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692g(a)(2)**
**AS TO PLAINTIFF Kim**

81.     Plaintiff Kim repeats and realleges the foregoing paragraphs as if fully restated herein.

82.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

83.     As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

84.     To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

85.     A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

86.     The Letter claims the name of the creditor to whom the alleged Debt is owed is Cascade Capital LLC Series A.

87.     Plaintiff did not owe the alleged Debt to Cascade Capital LLC Series A.

88.     Cascade Capital LLC Series A never offered to extend credit to Plaintiff.

89. Cascade Capital LLC Series A never extended credit to Plaintiff.

90. Plaintiff was never involved in any transaction with Cascade Capital LLC Series A.

91. Plaintiff never entered into any contract with Cascade Capital LLC Series A.

92. Plaintiff never did any business with Cascade Capital LLC Series A.

93. Plaintiff was never indebted to Cascade Capital LLC Series A.

94. Cascade Capital LLC Series A is a stranger to Plaintiff.

95. Defendant's statement that Cascade Capital LLC Series A is "the name of the creditor to whom the debt is owed," when Cascade Capital LLC Series A is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

96. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(2) and is liable to Plaintiff Kim therefor.

**FOURTH COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**
**AS TO PLAINTIFF Kim**

97. Plaintiff Kim repeats and realleges the foregoing paragraphs as if fully restated herein.

98. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

99. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

100. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

101. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

102. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

103.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

104.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

105.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

106.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

107.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

108.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

109.    The Letter claims that Plaintiff owes a debt to Cascade Capital LLC Series A.

110.    Plaintiff did not owe a debt to Cascade Capital LLC Series A.

111.    Cascade Capital LLC Series A never offered to extend credit to Plaintiff.

112.    Cascade Capital LLC Series A never extended credit to Plaintiff.

113.    Plaintiff was never involved in any transaction with Cascade Capital LLC Series A.

114.    Plaintiff never entered into any contract with Cascade Capital LLC Series A.

115.    Plaintiff never did any business with Cascade Capital LLC Series A.

116.    Plaintiff was never indebted to Cascade Capital LLC Series A.

117.    Cascade Capital LLC Series A is a stranger to Plaintiff.

118.    Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

119.    Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

120.    Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

121.    Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

122.    Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

123.    Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

124.    Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

125.    Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

126.    Defendant's demand that Plaintiff make payment for a debt that she does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

127.    Defendant's request that Plaintiff make payment for a debt that she does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

128.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff Kim therefor.

### FIFTH COUNT
### Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

### As To Plaintiff Kim

129.    Plaintiff Kim repeats and realleges the foregoing paragraphs as if fully restated herein.

130.    15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

131.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

132.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

133.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

134.    15 U.S.C. § 1692g(b) provides, "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

135.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other language in the communication.

136.    A communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

137.    A collection letter overshadows the validation notice if it is formatted in a manner such that the validation notice is visibly inconspicuous.

138.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

139.    A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

140.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to her rights.

141.    A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to her rights.

142.    The Letter buries the required validation notice within its text.

143.    The required validation notice is contained in running text within the body of the Letter, in the same font size, style, color and case as the rest of text, in the body of the Letter.

144.    The Letter contains the debt collection notice in a bolded format, which diverts the attention away from the validation notice.

145.    The Letter further diverts the consumer's attention to the payment website in an underlined format, which further diverts the attention away from the validation notice.

146.    The 15 U.S.C. § 1692g rights, relative to the other language in the Letter, are visually inconspicuous.

147.    The 15 U.S.C. § 1692g rights cannot be readily discerned from the rest of the body of the Letter.

148.    The 15 U.S.C. § 1692g rights cannot be readily discerned from the rest of the deemphasized writing in the Letter.

149.    The Letter contains no visually conspicuous transitionary language, such as "See Important Notice Below," directing Plaintiff's attention to the 15 U.S.C. § 1692g rights.

150.    The Letter does not otherwise direct the consumer's attention to the 15 U.S.C. § 1692g rights in any way.

151.    There is no transitional language directing the reader to the 15 U.S.C. § 1692g rights.

152.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way that it discourages the least sophisticated consumer from reading it.

153.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. §

1692g rights are positioned in such a way to encourages the least sophisticated consumer to believe that the language is unimportant.

154.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way that it discourages the least sophisticated consumer from reading them.

155.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned and deemphasized in such a way that it discourages the least sophisticated consumer from exercising her rights.

156.    The format of the Letter overshadows the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

157.    The format of the Letter overshadows the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

158.    The format of the Letter overshadows of the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

159.    The format of the Letter is inconsistent with the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

160.    The format of the Letter is inconsistent with the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

161.    The format of the Letter is inconsistent with the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

162.    The manner in which the Letter is formatted would likely make the least sophisticated consumer uncertain as to his rights.

163.    The manner in which the Letter is formatted would likely make the least sophisticated consumer confused as to his rights.

164.    The manner in which the Letter is formatted would likely make the least sophisticated consumer overlook his rights.

165.    The Letter is structured in such a way that it makes Plaintiff's validation rights difficult to read and easy to overlook.

166.    The Letter is structured in such a way that it makes Plaintiff's validation rights appear as boilerplate language.

167.   The Letter is structured in such a way that it makes Plaintiff's validation rights appear unimportant.

168.   The Letter is structured in such a way that it discourages Plaintiff from reading his validation rights.

169.   As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to dispute the alleged Debt.

170.   As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to request validation of the alleged Debt.

171.   15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

172.   15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

173.   A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon* 988 F.2d at 1318.

174.   A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon* 988 F.2d at 1319.

175.   A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis* 269 F.3d at 161.

176.   Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. §§ 1692e and 1692e(10).

177.   For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff Kim therefor.

### SIXTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)
### As to Plaintiff Stokes

178.   Plaintiff Stokes repeats and realleges the foregoing paragraphs as if fully restated herein.

179.   15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

180.   As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

181.   To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately state the amount of the debt.

182.   A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

183.   The Letter claims that Plaintiff owed $1,364.12.

184.   Plaintiff did not owe $1,364.12.

185.   Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect.

186.   Defendant's statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

187.   For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff Stokes therefor.

**SEVENTH COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**
**As to Plaintiff Stokes**

188.   Plaintiff Stokes repeats and realleges the foregoing paragraphs as if fully restated herein.

189.   15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

190.   An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

191.   An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

192.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

193.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

194.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

195.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

196.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

197.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

198.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

199.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

200.    The Letter alleges that Plaintiff owed $1,364.12.

201.    Plaintiff did not owe $1,364.12.

202.    Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect.

203.    Defendant's allegation that Plaintiff owed $1,364.12, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

204.    Defendant's allegation that Plaintiff owed $1,364.12, when Plaintiff did not owe

any money at all to the entity on whose behalf Defendant was seeking to collect, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

205.   Defendant's allegation that Plaintiff owed $1,364.12, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

206.   Defendant's allegation that Plaintiff owed $1,364.12, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

207.   Defendant's allegation that Plaintiff owed $1,364.12, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

208.   Defendant's allegation that Plaintiff owed $1,364.12, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

209.   Defendant's allegation that Plaintiff owed $1,364.12, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

210.   Defendant's allegation that Plaintiff owed $1,364.12, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

211.   For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff Stokes therefor.


**EIGHTH COUNT**
**Violation of 15 U.S.C. § 1692g(a)(2)**
**As To Plaintiff Stokes**

212.   Plaintiff Stokes repeats and realleges the foregoing paragraphs as if fully restated herein.

213.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

214.    As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

215.    To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

216.    A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

217.    The Letter claims the name of the creditor to whom the alleged Debt is owed is Cascade Capital LLC Series A.

218.    Plaintiff did not owe the alleged Debt to Cascade Capital LLC Series A.

219.    Cascade Capital LLC Series A never offered to extend credit to Plaintiff.

220.    Cascade Capital LLC Series A never extended credit to Plaintiff.

221.    Plaintiff was never involved in any transaction with Cascade Capital LLC Series A.

222.    Plaintiff never entered into any contract with Cascade Capital LLC Series A.

223.    Plaintiff never did any business with Cascade Capital LLC Series A.

224.    Plaintiff was never indebted to Cascade Capital LLC Series A.

225.    Cascade Capital LLC Series A is a stranger to Plaintiff.

226.    Defendant's statement that Cascade Capital LLC Series A is "the name of the creditor to whom the debt is owed," when Cascade Capital LLC Series A is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

227.    For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(2) and is liable to Plaintiff Stokes therefor.

**NINTH COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**
**As To Plaintiff Stokes**

228.    Plaintiff Stokes repeats and realleges the foregoing paragraphs as if fully restated herein.

229.   15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

230.   An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

231.   An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

232.   An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

233.   15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

234.   An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

235.   An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

236.   An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

237.   15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

238.   An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

239.   An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

240.   The Letter claims that Plaintiff owes a debt to Cascade Capital LLC Series A.

241.    Plaintiff did not owe a debt to Cascade Capital LLC Series A.

242.    Cascade Capital LLC Series A never offered to extend credit to Plaintiff.

243.    Cascade Capital LLC Series A never extended credit to Plaintiff.

244.    Plaintiff was never involved in any transaction with Cascade Capital LLC Series A.

245.    Plaintiff never entered into any contract with Cascade Capital LLC Series A.

246.    Plaintiff never did any business with Cascade Capital LLC Series A.

247.    Plaintiff was never indebted to Cascade Capital LLC Series A.

248.    Cascade Capital LLC Series A is a stranger to Plaintiff.

249.    Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

250.    Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

251.    Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

252.    Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

253.    Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

254.    Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

255.    Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

256.    Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

257.    Defendant's demand that Plaintiff make payment for a debt that she does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

258.    Defendant's request that Plaintiff make payment for a debt that she does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

259.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff Stokes therefor.

**TENTH COUNT**
**Violation of 15 U.S.C.  §§ 1692g(b), 1692e and 1692e(10)**
**As To Plaintiff Stokes**

260.    Plaintiff Stokes repeats and realleges the foregoing paragraphs as if fully restated herein.

261.    15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

262.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

263.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

264.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will

provide the consumer with the name and address of the original creditor, if different from the current creditor.

265.   15 U.S.C. § 1692g(b) provides, "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

266.   Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other language in the communication.

267.   A communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

268.   A collection letter overshadows the validation notice if it is formatted in a manner such that the validation notice is visibly inconspicuous.

269.   A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

270.   A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

271.   A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to her rights.

272.   A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to her rights.

273.   The Letter buries the required validation notice within its text.

274.   The required validation notice is contained in running text within the body of the Letter, in the same font size, style, color and case as the rest of text, in the body of the Letter.

275.   The Letter contains the debt collection notice in a bolded format, which diverts the attention away from the validation notice.

276.   The Letter further diverts the consumer's attention to the payment website in an underlined format, which further diverts the attention away from the validation notice.

277.   The 15 U.S.C. § 1692g rights, relative to the other language in the Letter, are visually inconspicuous.

278.    The 15 U.S.C. § 1692g rights cannot be readily discerned from the rest of the body of the Letter.

279.    The 15 U.S.C. § 1692g rights cannot be readily discerned from the rest of the deemphasized writing in the Letter.

280.    The Letter contains no visually conspicuous transitionary language, such as "See Important Notice Below," directing Plaintiff's attention to the 15 U.S.C. § 1692g rights.

281.    The Letter does not otherwise direct the consumer's attention to the 15 U.S.C. § 1692g rights in any way.

282.    There is no transitional language directing the reader to the 15 U.S.C. § 1692g rights.

283.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way that it discourages the least sophisticated consumer from reading it.

284.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way to encourages the least sophisticated consumer to believe that the language is unimportant.

285.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way that it discourages the least sophisticated consumer from reading them.

286.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned and deemphasized in such a way that it discourages the least sophisticated consumer from exercising her rights.

287.    The format of the Letter overshadows the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

288.    The format of the Letter overshadows the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

289.    The format of the Letter overshadows of the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

290.    The format of the Letter is inconsistent with the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

291.    The format of the Letter is inconsistent with the consumer's right to demand

verification of the debt, in violation of 15 U.S.C. § 1692g(b).

292.    The format of the Letter is inconsistent with the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

293.    The manner in which the Letter is formatted would likely make the least sophisticated consumer uncertain as to his rights.

294.    The manner in which the Letter is formatted would likely make the least sophisticated consumer confused as to his rights.

295.    The manner in which the Letter is formatted would likely make the least sophisticated consumer overlook his rights.

296.    The Letter is structured in such a way that it makes Plaintiff's validation rights difficult to read and easy to overlook.

297.    The Letter is structured in such a way that it makes Plaintiff's validation rights appear as boilerplate language.

298.    The Letter is structured in such a way that it makes Plaintiff's validation rights appear unimportant.

299.    The Letter is structured in such a way that it discourages Plaintiff from reading his validation rights.

300.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to dispute the alleged Debt.

301.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to request validation of the alleged Debt.

302.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

303.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

304.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon* 988 F.2d at 1318.

305.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon* 988 F.2d at 1319.

306. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis* 269 F.3d at 161.

307. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. §§ 1692e and 1692e(10).

308. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff Stokes therefor.

### ELEVENTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)
### As To Plaintiff Yun

309. Plaintiff Yun repeats and realleges the foregoing paragraphs as if fully restated herein.

310. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

311. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

312. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately state the amount of the debt.

313. A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

314. The Letter claims that Plaintiff owed $556.70.

315. Plaintiff did not owe $556.70.

316. Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect.

317. Defendant's statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

318. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff Yun therefor.

**TWELFTH COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**
**As To Plaintiff Yun**

319.    Plaintiff Yun repeats and realleges the foregoing paragraphs as if fully restated herein.

320.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

321.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

322.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

323.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

324.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

325.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

326.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

327.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

328.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

329.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

330.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

331.    The Letter alleges that Plaintiff owed $556.70.

332.    Plaintiff did not owe $556.70.

333.    Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect.

334.    Defendant's allegation that Plaintiff owed $556.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

335.    Defendant's allegation that Plaintiff owed $556.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

336.    Defendant's allegation that Plaintiff owed $556.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

337.    Defendant's allegation that Plaintiff owed $556.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

338.    Defendant's allegation that Plaintiff owed $556.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

339.    Defendant's allegation that Plaintiff owed $556.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

340.   Defendant's allegation that Plaintiff owed $556.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

341.   Defendant's allegation that Plaintiff owed $556.70, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

342.   For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff Yun therefor.

**THIRTEENTH COUNT**
**Violation of 15 U.S.C. § 1692g(a)(2)**
**As To Plaintiff Yun**

343.   Plaintiff Yun repeats and realleges the foregoing paragraphs as if fully restated herein.

344.   15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

345.   As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

346.   To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

347.   A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

348.   The Letter claims the name of the creditor to whom the alleged Debt is owed is Cascade Capital LLC Series A.

349.   Plaintiff did not owe the alleged Debt to Cascade Capital LLC Series A.

350.   Cascade Capital LLC Series A never offered to extend credit to Plaintiff.

351.   Cascade Capital LLC Series A never extended credit to Plaintiff.

352.   Plaintiff was never involved in any transaction with Cascade Capital LLC Series A.

353.   Plaintiff never entered into any contract with Cascade Capital LLC Series A.

354.   Plaintiff never did any business with Cascade Capital LLC Series A.

355.   Plaintiff was never indebted to Cascade Capital LLC Series A.

356.   Cascade Capital LLC Series A is a stranger to Plaintiff.

357.   Defendant's statement that Cascade Capital LLC Series A is "the name of the creditor to whom the debt is owed," when Cascade Capital LLC Series A is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

358.   For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(2) and is liable to Plaintiff Yun therefor.

## FOURTEENTH COUNT
## Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)
## As To Plaintiff Yun

359.   Plaintiff Yun repeats and realleges the foregoing paragraphs as if fully restated herein.

360.   15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

361.   An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

362.   An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

363.   An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

364.   15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

365.   An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

366.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

367.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

368.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

369.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

370.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

371.    The Letter claims that Plaintiff owes a debt to Cascade Capital LLC Series A.

372.    Plaintiff did not owe a debt to Cascade Capital LLC Series A.

373.    Cascade Capital LLC Series A never offered to extend credit to Plaintiff.

374.    Cascade Capital LLC Series A never extended credit to Plaintiff.

375.    Plaintiff was never involved in any transaction with Cascade Capital LLC Series A.

376.    Plaintiff never entered into any contract with Cascade Capital LLC Series A.

377.    Plaintiff never did any business with Cascade Capital LLC Series A.

378.    Plaintiff was never indebted to Cascade Capital LLC Series A.

379.    Cascade Capital LLC Series A is a stranger to Plaintiff.

380.    Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

381.    Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt,

in violation of 15 U.S.C. § 1692e.

382.   Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

383.   Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

384.   Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

385.   Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

386.   Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

387.   Defendant's allegation that Plaintiff owed a debt to Cascade Capital LLC Series A, when Plaintiff did not owe a debt to Cascade Capital LLC Series A, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

388.   Defendant's demand that Plaintiff make payment for a debt that she does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

389.   Defendant's request that Plaintiff make payment for a debt that she does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

390.   For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff Yun therefor.

**FIFTEENTH COUNT**
**Violation of 15 U.S.C.  §§ 1692g(b), 1692e and 1692e(10)**
**As To Plaintiff Yun**

391.   Plaintiff Yun repeats and realleges the foregoing paragraphs as if fully restated herein.

392.    15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

393.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

394.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

395.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

396.    15 U.S.C. § 1692g(b) provides, "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

397.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other language in the communication.

398.    A communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

399.    A collection letter overshadows the validation notice if it is formatted in a manner such that the validation notice is visibly inconspicuous.

400.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

401.    A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

402.    A debt collector has the obligation, not just to convey the required information,

33

but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to her rights.

403.    A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to her rights.

404.    The Letter buries the required validation notice within its text.

405.    The required validation notice is contained in running text within the body of the Letter, in the same font size, style, color and case as the rest of text, in the body of the Letter.

406.    The Letter contains the debt collection notice in a bolded format, which diverts the attention away from the validation notice.

407.    The Letter further diverts the consumer's attention to the payment website in an underlined format, which further diverts the attention away from the validation notice.

408.    The 15 U.S.C. § 1692g rights, relative to the other language in the Letter, are visually inconspicuous.

409.    The 15 U.S.C. § 1692g rights cannot be readily discerned from the rest of the body of the Letter.

410.    The 15 U.S.C. § 1692g rights cannot be readily discerned from the rest of the deemphasized writing in the Letter.

411.    The Letter contains no visually conspicuous transitionary language, such as "See Important Notice Below," directing Plaintiff's attention to the 15 U.S.C. § 1692g rights.

412.    The Letter does not otherwise direct the consumer's attention to the 15 U.S.C. § 1692g rights in any way.

413.    There is no transitional language directing the reader to the 15 U.S.C. § 1692g rights.

414.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way that it discourages the least sophisticated consumer from reading it.

415.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way to encourages the least sophisticated consumer to believe that the language is unimportant.

416.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. §

34

1692g rights are positioned in such a way that it discourages the least sophisticated consumer from reading them.

417. While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned and deemphasized in such a way that it discourages the least sophisticated consumer from exercising her rights.

418. The format of the Letter overshadows the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

419. The format of the Letter overshadows the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

420. The format of the Letter overshadows of the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

421. The format of the Letter is inconsistent with the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

422. The format of the Letter is inconsistent with the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

423. The format of the Letter is inconsistent with the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

424. The manner in which the Letter is formatted would likely make the least sophisticated consumer uncertain as to his rights.

425. The manner in which the Letter is formatted would likely make the least sophisticated consumer confused as to his rights.

426. The manner in which the Letter is formatted would likely make the least sophisticated consumer overlook his rights.

427. The Letter is structured in such a way that it makes Plaintiff's validation rights difficult to read and easy to overlook.

428. The Letter is structured in such a way that it makes Plaintiff's validation rights appear as boilerplate language.

429. The Letter is structured in such a way that it makes Plaintiff's validation rights appear unimportant.

430. The Letter is structured in such a way that it discourages Plaintiff from reading his validation rights.

431.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to dispute the alleged Debt.

432.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to request validation of the alleged Debt.

433.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

434.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

435.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon* 988 F.2d at 1318.

436.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon* 988 F.2d at 1319.

437.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.  *DeSantis* 269 F.3d at 161.

438.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. §§ 1692e and 1692e(10).

439.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff Yun therefor.

## CLASS ALLEGATIONS

440.    Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

441.    Plaintiffs seek to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letters sent to Plaintiffs, which letters were sent on or after a date one year prior to the filing of this action to the present.

442.    This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

443.    The Class consists of more than thirty-five persons.

444.    Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

445.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

446.    Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

447.    Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a.   Certify this action as a class action; and

b.   Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

c.   Find that Defendant's actions violate the FDCPA; and

d.   Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.   Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.   Grant Plaintiffs' costs; together with

g.   Such other relief that the Court determines is just and proper.

DATED: January 22, 2020

**BARSHAY SANDERS, PLLC**

By: ____*/s/ Craig B. Sanders*_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 116951